IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JORGE LUJAN,

        Plaintiff,

vs.                                             Case No. 10-4023-JTM

EXIDE TECHNOLOGIES,

        Defendant.

MEMORANDUM AND ORDER

The defendant's Motion to Review the Magistrate's Discovery Order of January 7, 2011, (Dkt. No. 51) is before the court. For the following reasons, the court denies the motion.

**I. Factual Background**

Plaintiff, Jorge Lujan, contends that defendant, Exide Technologies, fired him in retaliation for exercising his rights under Kansas's workers compensation law and the Family Medical Leave Act (FMLA). On or about December 3, 2006, plaintiff injured his shoulder on the job while lifting lead bars. Although placed on lifting restrictions, plaintiff continued performing his job. On June 12, 2007, plaintiff had surgery on this left shoulder. On March 13, 2008, defendant fired plaintiff stating his permanent work restriction made it impossible for plaintiff to continue performing his job. Subsequently, on September 10, 2008, plaintiff agreed to a workers compensation award that provided a lump sum payment of $38,428.36. The agreement award provided, in pertinent part, "[i]f

1

Claimant were to testify, the testimony would be consistent with the information set out in the reports of Dr. Paul Stein dated January 11, 2008 and Dr. C. Craig Satterlee dated June 3, 2008 including the history of injuries set out therein." (Dkt. No. 52, ex. B). Dr. Stein's report concluded that plaintiff has a left shoulder impairment of 19% and he was placed on permanent work restrictions limiting his lifting to 30 pounds and avoiding repetitive work activity with his left arm. Dr. Satterlee concluded that plaintiff's permanent partial impairment was 14% in the left shoulder.

On December 16, 2010, plaintiff's counsel sent defense counsel an email requesting the need to take video of certain Exide employees performing their jobs. Defense counsel rejected this request. Thereafter, on December 23, plaintiff filed his Discovery Motion and Motion to Extend the Discovery Deadline (Dkt. No. 45) seeking to obtain video recordings of certain Exide employees performing their jobs inside Exide's Salina plant. The magistrate judge granted plaintiff's motion to obtain video recordings but otherwise denied the motion. The defendant now brings this motion and argues the magistrate judge's Order was clearly erroneous and contrary to law for three reasons: (1) plaintiff failed to make a proper request for inspection pursuant to Fed. R. Civ. P. 34(b)(1)(A); (2) the information sought by plaintiff is not permitted by Rule 26; and (3) even if the information sought is permissible under Rule 26, plaintiff is barred by judicial estoppel from seeking evidence in support of the argument that he did not suffer from permanent work restrictions that prevented him from performing the jobs in question.

**II. Legal Standard**

Under Fed. R. Civ. P. 72(a), a party may file an objection to a magistrate judge's nondispositive order. Upon review, the district judge "must consider timely objections and modify

2

or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The district court must affirm the order "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Because a magistrate judge has broad discretion in resolving discovery disputes, the court will overrule the magistrate judge's decision only for an abuse of discretion. *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991).

**III. Analysis**

Defendant first argues that plaintiff did not properly make a request for inspection pursuant to Fed. R. Civ. P. 34(b)(1)(A), and even if he did, plaintiff violated Rule 37(a)(3)(B). "A party may serve on any other party a request within the scope of Rule 26(b): to permit entry onto land designated or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph . . . ." FED. R. CIV. P. 34(a)(2). "The request must describe with reasonable particularity each item or category of items to be inspected; must specify a reasonable time, place, and manner for the inspection and for performing the related acts." FED. R. CIV. P. 34(b)(1)(A)-(B). Although not specifically articulated in the Rule, "[i]nformal requests for production lie outside the boundaries of the discovery rules." *Sithon Maritime Co. v. Mansion*, No. 96-2262, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998). Before a party resorts to the provisions of Rule 37, it must comply with the other requirements of the Rules. *Id.* In *Sithon*, the plaintiff sent defendant a letter requesting certain documents. Before receiving a response, and before the 30 days had elapsed, plaintiff filed a motion to compel. In holding plaintiff's informal request was insufficient under Rule 34, Judge Rushfelt explained the important differences between

informal and formal discovery requests by stating:

> Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed. R. Civ. P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed. R. Civ. P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

1998 WL 182785, at *2. The *Sithon* court also concluded that plaintiff's informal letter did not meet the standard required under Rule 34 for submitting requests because plaintiff did not wait 30 days before filing a motion to compel. Thus, such an informal request for documents could not serve as the basis for a subsequent motion to compel. *Id.* (stating, "[p]laintiff did not 'serve' the letter upon [defendant] as contemplated by the Rule"). However, informal discovery requests do have a place in civil litigation and often form the basis through which the parties exchange much information in a civil case. And, while this court fully agrees with the *Sithon* court—that informal discovery requests are outside the bounds of the Rules—this does not mean that such a request could never form the basis for a motion to compel.

In this case, plaintiff's December 16th email did not comply with the formal requirements for a request under Rule 34(b). Nevertheless, defendant responded by refusing to allow plaintiff to conduct video discovery at Exide's Salina plant. Plaintiff then filed his discovery motion and the magistrate judge granted it. The decision was neither clearly erroneous nor contrary to law.

Defendant bases its argument on two grounds (1) plaintiff failed to wait 30 days before filing its motion to compel as required under Fed. R. Civ. P. 37(a)(3)(B), and (2) the request was not detailed enough. First, Rule 34(b)(2)(A) gives a party 30 days to respond to a request for production before the requesting party can file a motion to compel such discovery. Once the party responds, the

requesting party is not required to wait 30 days before filing a motion under Rule 37. The specific language of Rule 37(a)(3)(B)(iv) allows such a result. *Id.* ("This motion [to compel] may be made if: a party fails to respond that inspection will be permitted—*or fails to permit inspection*—as requested under Rule 34."). Had plaintiff made an informal request, received no response, and subsequently filed a motion to compel before the 30 day time period, the result would have been different. Similarly, if the defendant had not responded to plaintiff's informal request, the *Sithon* court's rationale would govern. One party may not use another party's failure to respond to an informal discovery request as a catalyst to filing a motion to compel. *See Sithon*, 1998 WL 182785, at *2-3. But, when one party responds to another's informal request, resort to a motion to compel is an acceptable next step. This is precisely what plaintiff did. He informally sought permission to videotape certain jobs being performed at defendant's plant. Once that informal request was denied, plaintiff sought an order from the court to permit the discovery, which was granted.

Defendant next argues plaintiff's informal request was deficient because it lacked the specificity required under the rule. While Rule 34(b)(1)(B) does state that a request "must specify a reasonable time, place, and manner for inspection," a request may simply call for inspection at a convenient time before the end of discovery without providing an actual time. *See* 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2212 (3d ed. 2010) ("There is no reason why the request cannot simply call for inspection 'at a time and place convenient to' the party to whom it is directed, leaving it to that party to designate the time and place in his response.").

Plaintiff's procedure for seeking discovery in this case is not the preferred approach. Nonetheless, (1) the procedure utilized by plaintiff was permissible, and (2) the magistrate judge did

5

not err when she ordered discovery. Typically, and preferably, a party would proceed by informally seeking discovery. If the responding party refuses the request, the party seeking the information should make a formal request for such discovery. And, if refused or no response is forthcoming, a party should file a motion to compel discovery as a last resort. Plaintiff skipped the second step. Not the best approach, but not fatal to the discovery he seeks.

Next, defendant argues that the discovery sought by plaintiff is not permissible within the scope of Rule 26(b). Rule 26(b) establishes liberal standards for the scope of discovery.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.* Relevancy is broadly construed and any discovery request should be considered relevant if there is "any possibility" the information is relevant to any claim or defense. *Millennium Marketing Group, Ltd. v. Simonton Bldg. Prods., Inc.*, No. 08-2198, 2009 WL 2407723, at *8 (D. Kan. Aug. 4, 2009). "[A] request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Id.* (quoting *Jones v. Wet Seal Retail, Inc.*, 245 F.R.D. 724, 725 (D. Kan. 2007)). When the discovery sought is relevant on its face, the party resisting discovery must prove the requested discovery does not come within the scope of the Rule 26(b)(1), or is so marginal that its potential harm outweighs the presumption of broad discovery. On the other hand, if the discovery sought is not relevant on its face, the party seeking discovery must prove it is relevant. *Id*.

In this case, the discovery request is relevant on its face. *See* FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of

6

consequence to the determination of the action more probable or less probable than it would be without the evidence."); *Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc.*, No. 09-2023, 2010 WL 1946625, at *3 (D. Kan. May 14, 2010). Videotape evidence depicting Exide employees performing certain job functions is relevant to the question of whether plaintiff could perform his job or another available job. Even if the evidentiary value is slight, it still meets the low threshold established by Rule 26. Because the evidence is relevant on its face, defendant bears the burden of showing the evidence is outside the scope of Rule 26(b)(1).

To the extent that defendant bases its argument on the ultimate admissibility of the videotape evidence, it is misplaced. As Rule 26 makes clear, the discoverability of evidence is not determined by its admissibility at trial. FED. R. CIV. P. 26(b). In ruling on plaintiff's motion, the magistrate judge addressed defendant's scope of discovery argument by stating, the "permissible scope of discovery [arguments] have been fully considered and rejected." (Dkt. No. 50, pg. 2). Defendant argues that such a conclusion constitutes clear error because the video evidence could be relevant and admissible only if plaintiff designated an expert witness to offer an opinion about the video. And, because plaintiff has not designated an expert and prepared no expert reports, the evidence is not discoverable. Plaintiff has indicated he intends to use his treating physicians to offer opinions regarding his ability to perform work depicted on the videotapes. The defendant has not cited any authority which requires expert testimony before video-tape evidence may be allowed. Nor has plaintiff cited authority stating that expert testimony is unnecessary in such situations.

If plaintiff intends to use any treating physicians as designated experts to offer opinion testimony about the videotape evidence, he must do so within the parameters of Rule 26(a)(2). *See Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995) (stating "when the [treating]

7

physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, be becomes subject to the provisions of Fed. R. Civ. P. 26(a)(2)(B)"). Rule 26(a)(2) requires a party to disclose the identity of its expert witness along with a written report prepared and signed by that witness which provides a statement of the witness's opinions, among other things. Such disclosures must also be supplemented in accordance with Rule 26(e).

Given the current record, this court holds the magistrate judge's ruling was neither contrary to law nor an abuse of discretion. It is unclear whether plaintiff needs an expert in order to use the videotape evidence it seeks at this stage. It is even less clear that seeking such evidence fails to meet the Rule 26(b)(1) standard. Additionally, if plaintiff intends to use one of his treating physicians to offer an expert opinion regarding the videotapes, he must comply with the Rule 26(a)(2) by disclosing the identity of the expert and providing a written report. Plaintiff is in a position to disclose the identity of his expert, but cannot provide a report until the video evidence is obtained. Allowing plaintiff to designate an expert will not prevent defendant from filing any further motions regarding the admissibility of plaintiff's expert's opinions or retaining its own expert to counter plaintiff's. Thus, the court denies defendant's motion on this ground and finds that the discovery sought meets the Rule 26(b)(1) standard and upholds the magistrate judge's determination.

Last, defendant argues plaintiff is judicially estopped by his workers compensation settlement from attempting to show he did not suffer from permanent work restrictions to his shoulder. The Tenth Circuit recently explained the doctrine of judicial estoppel in *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005), stating, "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply

because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" 405 F.3d at 1069 (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Although not reducible to an elemental rule, the factors to consider when deciding if judicial estoppel apply include: (1) whether the party's position was clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept the party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that one of the courts was misled;[1] (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *Id.*

Defendant argues that plaintiff's position in the earlier workers compensation proceeding—that he had permanent work restrictions and permanent partial impairment on his left shoulder—preclude him from asserting in this case that he was fired for asserting his rights under the Workers Compensation Act. Defendant contends that the prior position is inconsistent with plaintiff's current position. However, the court finds that they are not mutually exclusive. The only position to which plaintiff stipulated in the workers compensation award was that he would testify consistent with Dr. Stein and Dr. Satterlee's reports—that he had permanent work restrictions and permanent partial impairment to his left shoulder. It is too far a stretch to suggest that position forecloses plaintiff's ability to argue retaliatory discharge in this case. First, even though plaintiff had a permanent partial disability to his shoulder, he never asserted he was incapable of performing

---

[1]Judicial estoppel can apply even when the inconsistent position was asserted in an administrative context. *See Smith v. Pinner*, 891 F.2d 784, 787 (10th Cir. 1989). Kansas explicitly recognizes that "[p]rinciples of res judicata and collateral estoppel apply to administrative proveedings which assume a quasi-judicial character." *Merkel v. Bd. of Emergency Med. Servs.*, 2006 WL 3000761, at *4 (Kan. App. 2006) (citing *Winston v. Kan. Dep't of SRS*, 274 Kan. 396, 413, 49 P.3d 1274, 1285 (2002)).


any possible jobs at Exide, or even his current job. As it stands, plaintiff's contention that he was fired for unlawful retaliatory reasons and not because he was unable to perform the job remains a valid assertion and plaintiff should not be judicially estopped from discovering video evidence supporting that contention. Moreover, as the magistrate judge stated in her earlier Order, the issue of judicial estoppel is better left for a later dispositive motion when the facts are further developed, rather than as tool to avoid a simple discovery request. The court finds holds plaintiff is not judicially estopped from discovering the video he seeks, and defendant's motion is denied on this ground.

In summary, defendant's objections are premature. The ultimate resolution of some of defendant's arguments are more appropriate for a dispositive motion or motion in limine. The Federal Rules of Civil Procedure establish liberal discovery rules to aid in the resolution of all civil matters. The court finds nothing in the magistrate's Order that is clearly erroneous or contrary to law. Thus, the court will allow the discovery.

IT IS ACCORDINGLY ORDERED this 27th day of April 2011, that defendant's Motion to Review the Magistrate's Discovery Order of January 7, 2011, (Dkt. No. 51) is hereby denied.

IT IS FURTHER ORDERED that plaintiff shall conduct the videotaping it seeks by May 15, 2011, and such videotaping is limited to not more than two hours.

THE COURT SHALL set further deadlines regarding additional discovery, dispositive motions, motions in limine, and a trial date by separate order.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE